**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| THOMAS DEVINE, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 08-5442(GEB)(TJB) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| CHRISTIAN A. MIHOK, et al. | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of plaintiff Thomas Devine ("Plaintiff") for default judgment against Flight-Dynamix, LLC ("Flight-Dynamix"), Viper Pits, Fighter Wing, Advanced Computer Concepts, Inc. ("ACC"), Agogi Learning Systems, LLC, Appalachian Apples, Inc., and Princeps, Inc. (collectively, the "Corporate Defendants") as well as Christian A. Mihok (also known as Chris Mihok and Christian Andrew Mihok) ("Mihok" and collectively, with the Corporate Defendants, "Defendants"). The Court has considered the relevant submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this Court will grant the motion for default judgment and will enter judgment in favor of Plaintiff in the amount of $115,375.94**..**

I.      **BACKGROUND**

      A.      **Procedural History**

            1.      **The Prior Action**

On February 18, 2008, Plaintiff filed a complaint with this Court in the matter *Devine v. Advanced Computer Concepts*, No. 08-875 (the "Prior Action"), alleging that Plaintiff contracted with Defendant ACC for the purchase of a Viper XL F-16C Simulator ("Simulator"), and that ACC failed to deliver the Simulator upon payment of the purchase price by Plaintiff.[1]  Plaintiff alleged that ACC's conduct constituted (1) breach of contract, (2) conversion, (3) unjust enrichment, and (4) a violation of  the New Jersey Consumer Fraud Act, N. J. Stat. Ann. § 56:8-1 *et. seq*., and therefore Plaintiff sought treble damages as well as reasonable costs and attorney's fees.

On July 2, 2008, Plaintiff filed a motion for default judgment against ACC [Docket No. 6] and on December 16, 2008, this Court issued a Memorandum Opinion and Order granting plaintiff's motion and ordering Plaintiff to submit further evidence so the Court may determine the amount of damages in a sum certain. [Docket Nos. 7, 8].  On December 24, 2008, Plaintiff submitted such evidence and further argued that Plaintiff was also entitled to prejudgment interest [Docket No. 9] and on January 9, 2009 the Court issued a Memorandum Opinion and Order entering judgment in favor of Plaintiff in the amount of $115,375.94 and terminating the case. [Docket Nos. 10, 11].

### 2.	The Instant Action

Plaintiff alleges that he was not able to recover the judgment entered by this Court in the prior action and as such, on November 5, 2008, Plaintiff, file the a complaint in this case (the "Instant Action"), and the matter was transferred to this Court on the same date. Instant Action,

---

[1]The facts of the Prior Action are set forth more fully in this Court's Memorandum Opinion dated December 16, 2008.  *See* Prior Action, Dec. 16, 2008 Mem. Op. [Docket No. 7].

Compl. [Docket No. 1].  Plaintiff properly requested summonses for each Defendant on

November 6, 2008.  Pl.'s Letter to Clerk and Proposed Summonses [Docket No. 2].  The

summons and complaint were served on each Defendant on December 21, 2008.  *See* Proofs of

Service [Docket Nos. 5-12].   On January 20, 2009, after Plaintiff filed a Request for Default

[Docket No. 13], the Clerk made an Entry of Default.  On February 6, 2009, Plaintiff made the

present motion.  As of the date of this opinion, none of the Defendants have appeared in this case

nor has any Defendant answered, moved or otherwise responded to the summons and complaint**.**

    **B.**    **Facts**

    In the Complaint, Plaintiff alleges that Mihok holds dominion and control over the

Corporate Defendants and thus has rendered the Corporate Defendants "alter egos/or mere

instrumentalities of Mihok." Compl., ¶ 13.  Specifically, Plaintiff contends that Mihok is the sole

owner and operator of each Corporate Defendant and "treats the assets of the . . . [Corporate

Defendants], including ACC, as his own and diverts them to himself or other corporate entities as

he finds beneficial and in furtherance of his personal interests."  *Id.* at ¶¶ 16-17.  As such,

Plaintiff further asserts that the Defendants have and continue to, among other things: (1)

commingle funds and other assets; (2) fail to segregate the funds of each Defendants; (3) fail to

maintain minutes or adequate corporate and accounting records; (4) use corporate assets for non-

business related purposes; (5) be undercapitalized; and (6) "engage in such conduct as discovery

may demonstrate as to make it inequitable for Defendant [ACC] to alone be liable to Plaintiff on

the causes of action herein described." *Id.* at ¶ 15.

    With respect to the transaction between Plaintiff and ACC which was the focus of the

Prior Action, Plaintiff avers that, upon being served with the Complaint in the Prior Action,

"Defendants, and ACC and Mihok specifically, acted to deplete the assets of ACC in an attempt to render ACC incapable of satisfying any judgment issued by this Court." *Id.* at ¶ 20. As such, Plaintiff alleges that, after receiving the total purchase price from Plaintiff, Mihok used such funds "for his own personal uses and /or . . . to incorporate and to start" Flight-Dynamix on July 17, 2007. *Id.* at ¶ 19. Thus, Plaintiff contends that Mihok incorporated Flight-Dynamix "as a sham designed to avoid creditors and parties to whom ACC was obligated, including Plaintiff." *Id.* at ¶ 21. In light of the foregoing, Plaintiff argues that "it is just and equitable for all Defendants to be held jointly and severally liable for the causes of action pled by Plaintiff against ACC in the [Prior Action]" and thus asserts the same causes of action against Defendants as it did against ACC in the Prior Action. *Id.* at ¶¶ 22-34.

## II.     DISCUSSION

### A.     Default Judgment Standard

Default is governed by Federal Rule of Civil Procedure 55. Fed. R. Civ. P. 55. Rule 55(a) provides, in relevant part: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted). "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." *Super 8 Motels, Inc. v. Kumar*, No. 06-5231, 2008 U.S. Dist. LEXIS 28066 at *7 (D.N.J. April 1, 2008) (citation omitted).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady*, 250 F.R.D. at 177 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir.1987) ("we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." *Id.*, (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir.1984)).

"Consequently, before granting a default judgment, the Court must first ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Signs*, 2006 U.S. Dist. LEXIS 56456 at * 6, quoting *Directv, Inc.*, 2006 U.S. Dist. LEXIS 14027, at *1 (D.N.J. Mar. 14, 2006) (citation omitted).

Pursuant to Federal Rule of Civil Procedure 12, usually a Defendant must answer or otherwise respond "within 20 days after being served with the summons and complaint." FED. R. CIV. P. 12.

### B.    Application

#### 1.  Default Judgment is Appropriate

The Court concludes that Default Judgment is appropriate here.  It is clear that Plaintiff is prejudiced by Defendants failure to file an answer.  Indeed, having been unsuccessful in executing this Court's judgment against ACC in the Prior Action, Plaintiff has expended further resources to bring the Instant Action against ACC as well as the other Defendants.  Further, the

facts alleged in the Complaint provide no indication of a meritorious defense.  As this Court

noted in its  December 16, 2008 Memorandum Opinion in the Prior Action, "[d]efendants are

also presumed culpable where they have failed to answer, move or otherwise respond."  Prior

Action, Dec. 16, 2008 Mem. Op. at 5 [Docket No. 7] (citing *Palmer v. Slaughter*, No. 99-899,

2000 U.S. Dist. LEXIS 22118 at*5 (D. Del. July 13, 2000) (when Defendant "has failed to

answer, move, or otherwise respond to the complaint, the entry of a default judgment against him

is appropriate" (citation omitted)).

Further, Plaintiff claims that (1) Mihok has held dominion and control over the Corporate

Defendants and thus has rendered the Corporate Defendants "alter egos/or mere instrumentalities

of Mihok; (2) Defendants, and ACC and Mihok specifically, acted to deplete the assets of ACC

in an attempt to render ACC incapable of satisfying any judgment issued by this Court; and (3)

Mihok incorporated Flight-Dynamix  "as a sham designed to avoid creditors and parties to whom

ACC was obligated, including Plaintiff."  Instant Action, Compl., ¶¶ 13, 20-21. Thus, Plaintiff's

unchallenged facts in the Complaint set forth sufficient evidence to sustain a legitimate cause of

action against each Defendant. *Signs*, 2006 U.S. Dist. LEXIS 56456 at * 6; *see also Trs. of the

Nat'l Elevator Indus. Pension, Health Benefit and Educ. Funds v. Lutyk*, 332 F.3d 188, 194 (3d

Cir. 2003) (reasoning that, a court must consider several factors in determining whether the "alter

ego doctrine" is applicable, including: (1) gross undercapitalization; (2) failure to observe

corporate formalities; (3) nonpayment of dividends; (4) insolvency of debtor corporation; (5)

siphoning of funds from the debtor corporation by the dominant stockholder; (6) nonfunctioning

of officers and directors; (7) absence of corporate records; (8) and whether the corporation is

merely a facade for the operations of the dominant stockholder).  As such, an award of Default

Judgment is appropriate.

**2. Damages**

Pursuant to Rule 55, "[t]he court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b). However, the Court need not hold a hearing if the damages are "sum certain or for a sum which can by computation be made certain." *Id*. In the Prior Action, the Court had previously determined the amount of damages owed to Plaintiff to be $115,375.94. *See* Prior Action, Jan. 9, 2009 Mem. Op. at 7 and Order [Docket Nos. 10, 11]. As such, the appropriate amount of damages in the Instant Action is also $115,375.94.

**III.   CONCLUSION**

For the foregoing reasons, Plaintiff's motion for default judgment is granted and judgment in the amount of $115,375.94 is entered in favor of Plaintiff**.** An appropriate form of order is filed herewith.

Dated: June 16, 2009

_____/s/ Garrett E. Brown, Jr._____
GARRETT E. BROWN, JR., U.S.D.J.